UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sara Johnson White,<br><br>                Plaintiff<br>v.<br><br>Progressive Direct Insurance Company,<br><br>                Defendant. | Case No.: 3:24-cv-6393-SAL<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

Plaintiff Sara Johnson White complains of Defendant Progressive Direct Insurance Company ("Progressive") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is a civil action for breach of contract and insurance bad faith in which Plaintiff seeks an award of monetary damages.

2. Plaintiff Sara Johnson White is domiciled in Sumter County, South Carolina.

3. Defendant Progressive is incorporated in Ohio and maintains its principal place of business in Ohio.

4. This is a dispute over Progressive Policy Number 965875040, which is a South Carolina car insurance policy issued to Nina M. Warren, a resident of Sumter County, South Carolina, to provide liability coverage for Mrs. Warren's 2008 Honda Civic, which Mrs. Warren registered, paid taxes on, and maintained in Sumter County.

5. As set forth below, Mrs. Warren's niece, Mendy Michelle McKenzie, was driving the Honda Civic as a permissive user when she caused a wreck with Plaintiff.

6. Mrs. Warren and Ms. McKenzie have both contractually assigned to Plaintiff their claims against Progressive related to liability coverage in this matter.

7. Plaintiff therefore has standing to bring this civil action against Progressive.

1

8. The Court has personal jurisdiction over Plaintiff and Defendant.

9. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Pursuant to 28 U.S.C. § 1332(b)(2) and Local Civil Rule 3.01(A)(1) (D.S.C.), venue is proper in the Columbia Division because a substantial part of the acts and omissions giving rise to this claim occurred within the boundaries of the Division, and because Plaintiff resides within the boundaries of the Division.

## FACTS

11. Assignor Nina M. Warren is the maternal aunt of Assignor Mendy Michelle McKenzie.

12. On April 24, 2023, Plaintiff was involved in a car wreck in Sumter County with Ms. McKenzie.

13. At the time of the wreck, Ms. McKenzie was driving her aunt's 2008 Honda Civic with permission.

14. As set forth above, Mrs. Warren had liability and other insurance coverage on the Honda Civic through Progressive, and Mrs. Warren had paid the premiums for the policy.

15. Ms. McKenzie was at fault in causing the wreck.

16. Both Mrs. Warren and counsel for Plaintiff notified Progressive of the claim.

17. After receiving the claim, Progressive obtained a copy of the TR-310 Traffic Collision Report Form.

18. The TR-310 provided that Ms. McKenzie's address was the same as Mrs. Warren's.

19. Based on that, and that alone, Progressive denied coverage because Ms. McKenzie had not been identified by Mrs. Warren as a resident relative who would potentially drive the Honda Civic.

20. In fact, however, Ms. McKenzie did not reside with Mrs. Warren, and never had.

21. Mrs. Warren tried numerous times to speak with the Progressive adjuster and the adjuster's manager to explain that while Ms. McKenzie used Mrs. Warren's address for the purpose of obtaining her driver's license, Ms. McKenzie did not actually reside with Mrs. Warren and her husband.

22. Ms. McKenzie used her aunt's address because she had to provide an address to DMV in order to obtain a driver's license, and Ms. McKenzie did not actually have a residence.

23. Rather, Ms. McKenzie was transient and occasionally stayed as a temporary guest at her aunt's home, at her mother and father's home, and at friends' homes, never staying at any one place for any substantial amount of time or ever considering it her residence.

24. Despite Mrs. Warren's repeated efforts to explain this situation to Progressive, Progressive refused to conduct any meaningful investigation into the residency issue and simply denied coverage and unilaterally canceled Mrs. Warren's insurance policy.

25. After Progressive denied coverage and canceled the policy, Plaintiff filed a civil action against Ms. McKenzie and Mrs. Warren in the South Carolina Court of Common Pleas for Sumter County.

26. Because Progressive had wrongfully denied coverage and canceled Mrs. Warren's car insurance policy, Ms. McKenzie and Mrs. Warren were not provided with a defense to Plaintiff's lawsuit.

27. If Progressive had not wrongfully denied coverage and canceled the policy, then Progressive would have defended Ms. McKenzie as a permissive user of the Honda Civic and Mrs. Warren as the named insured.

28. Without a defense provided by Progressive, both Ms. McKenzie and Mrs. Warren went into default.

29. As set forth in the Order of Default Judgment entered by the Court of Common Pleas on May 13, 2024, attached as **Exhibit 1** to this Complaint, the court entered an award against Ms. McKenzie and Mrs. Warren, jointly and severally, in the amount of $350,000.00.

30. Post-judgment interest has been accruing on the default judgment since it was entered, and post-judgment interest will continue to accrue until the judgment is satisfied.

### FIRST CAUSE OF ACTION
(Breach of Contract)

31. Mrs. Warren and Progressive had a mutually binding, valid, and enforceable contract for liability and other insurance coverage on the Honda Civic.

32. As a permissive user, Ms. McKenzie was a third-party beneficiary of that contract.

33. Pursuant to the contract, Progressive had a duty to defend and indemnify both Mrs. Warren and Ms. McKenzie in connection with Plaintiff's claim arising out of the car accident.

34. Progressive materially breached its contractual duty in failing to meaningfully investigate the claim, including the issue of Ms. McKenzie's residency; in wrongfully denying coverage; and in wrongfully canceling the policy while Plaintiff's claim was pending.

35. As a direct and proximate result of Progressive's breach of contract, Mrs. Warren and Ms. McKenzie, jointly and severally, sustained damage in the form of a $350,000.00 default judgment and post-judgment interest.

36. As set forth above, Plaintiff has been assigned Mrs. Warren and Ms. McKenzie's claims and has standing to bring this action for breach of contract against Progressive.

37. Plaintiff is entitled to judgment against Progressive for all actual, consequential, and incidental damages sustained by Mrs. Warren and/or Ms. McKenzie resulting from Progressive's breach, including but not limited to the amount of the judgment and post-judgment interest.

38. Further, in failing to meaningfully investigate the issue of coverage before denying coverage and canceling the policy, Progressive acted in bad faith pursuant to South Carolina Code section 38-59-40.

39. Consequently, Plaintiff is entitled to an award of attorney fees and costs against Progressive pursuant to South Carolina Code section 38-59-40.

## SECOND CAUSE OF ACTION
(Insurance Bad Faith)

40. Mrs. Warren and Progressive had a mutually binding, valid, and enforceable contract for liability and other insurance coverage on the Honda Civic.

41. As a permissive user, Ms. McKenzie was a third-party beneficiary of that contract.

42. Pursuant to South Carolina law, an implied term of the contract was that Progressive owed Mrs. Warren and Ms. McKenzie the duty of good faith and fair dealing.

43. Progressive negligently or recklessly breached its duty of good faith and fair dealing in failing to meaningfully investigate the claim, including the issue of Ms. McKenzie's residency, which resulted in Progressive's wrongfully denying coverage and wrongfully canceling the policy while Plaintiff's claim was pending.

44. As a direct and proximate result of Progressive's breach, Mrs. Warren and Ms. McKenzie, jointly and severally, sustained damage in the form of a $350,000.00 default judgment and post-judgment interest.

45.     As set forth above, Plaintiff has been assigned these claims and has standing to bring this action for insurance bad faith against Progressive.

46.     Plaintiff is entitled to judgment against Progressive for all actual, consequential, and incidental damages sustained by Mrs. Warren and/or Ms. McKenzie resulting from Progressive's insurance bad faith, including but not limited to the amount of the judgment and post-judgment interest.

47.     Because Progressive recklessly breached its duty of good faith and fair dealing, Plaintiff is entitled to an award of punitive damages against Progressive.

WHEREFORE, having fully pleaded against Progressive, Plaintiff respectfully prays that the Court enter a judgment against Progressive for all actual, consequential, and incidental damages caused by Progressive's acts and omissions; for attorney fees and costs; for punitive damages; and for such other relief as the Court deems just and proper.

**[signature follows]**

Respectfully submitted,

**YARBOROUGH APPLEGATE LLC**

<u>s/ Reynolds H. Blankenship, Jr.</u>
Reynolds H. Blankenship, Jr. (I.D. No. 9886)
David B. Yarborough, Jr. (I.D. No. 7336)
291 East Bay Street, Second Floor
Charleston, SC 29401
843-972-0150 office
843-277-6691 fax
david@yarboroughapplegate.com
reynolds@yarboroughapplegate.com

and

**SMITH ROBINSON HOLLER DUBOSE AND MORGAN, LLC**

G. Murrell Smith, Jr. (I.D. No. 6120)
126 N. Main Street
Sumter, SC 29151
803-778-2471 office
803-778-1643 fax
murrell@smithrobinsonlaw.com

*Attorneys for Plaintiffs*

November 11, 2024